PUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

| | |
|---|---|
| In Re: STEPHEN S. MEREDITH, CPA, P.C., <br>          *Debtor.* <br><br> ROY M. TERRY, JR., Trustee for the Estate of Stephen S. Meredith, CPA, P.C., <br>      *Trustee-Appellant,* <br><br> v. <br><br> DARLENE MEREDITH; MEREDITH FINANCIAL GROUP, INCORPORATED, <br>      *Defendants-Appellees.* | No. 07-1509 |

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Henry E. Hudson, District Judge.
(3:06-cv-00848-HEH; AP-05-3050)

Argued: March 18, 2008

Decided: June 3, 2008

Before NIEMEYER and SHEDD, Circuit Judges, and
Irene M. KEELEY, United States District Judge for the
Northern District of West Virginia, sitting by designation.

Affirmed by published opinion. Judge Shedd wrote the opinion, in which Judge Niemeyer and Judge Keeley joined.

2                          IN RE: MEREDITH

### COUNSEL

**ARGUED:** Peter John Barrett, KUTAK & ROCK, L.L.P., Richmond, Virginia, for Appellant. Kevin D. Holden, KAUFMAN & CANOLES, P.C., Richmond, Virginia, for Appellees. **ON BRIEF:** Kimberly A. Pierro, KUTAK & ROCK, L.L.P., Richmond, Virginia, for Appellant. Jeffrey L. Marks, KAUFMAN & CANOLES, P.C., Richmond, Virginia, for Appellees.

### OPINION

SHEDD, Circuit Judge:

Roy M. Terry, trustee for the bankruptcy estate of Stephen S. Meredith, CPA, P.C. (the "Trustee") brought an adversary proceeding against Darlene Meredith ("Ms. Meredith") claiming that he is entitled to recover from her the value of certain assets fraudulently transferred from the bankruptcy estate, pursuant to 11 U.S.C. § 550(a)(1). The bankruptcy court and district court rejected the Trustee's claim, holding that Ms. Meredith is not the "entity for whose benefit such transfer was made" under § 550(a)(1). We agree and therefore affirm.

I

Stephen S. Meredith, ("Mr. Meredith") a certified public accountant, was the sole shareholder, officer, and director of the debtor in these proceedings, Stephen S. Meredith, CPA, P.C., (the "PC"). Through the PC, Mr. Meredith was engaged in the business of providing tax and accounting services. In December 2002, a $250,000 judgment debt was entered against Mr. Meredith and the PC. The same month, Mr. Meredith transferred his accounting practice from the PC to Meredith Financial Group, Inc. ("MFG"), a corporation run by Mr. Meredith and used as a clearinghouse for several businesses operated by the Merediths. Ms. Meredith was president and sole shareholder of MFG.

In July 2003, an involuntary Chapter 7 bankruptcy proceeding was filed against the PC. Around the same time, Ms. Meredith initiated

IN RE: MEREDITH                                                    3

divorce proceedings against Mr. Meredith, at which point Mr. Meredith formed Stephen S. Meredith, CPA, PLLC (the "PLLC") in an effort to continue his accounting practice despite the bankruptcy.

As part of the bankruptcy proceedings, the Trustee initiated an adversary proceeding against MFG, the PLLC, and Ms. Meredith.[1] The Trustee sought a determination that MFG and the PLLC were alter egos and/or corporate successors of the PC and were therefore jointly and severally liable for its debts. He also sought avoidance of the transfer of the accounting practice from the PC to MFG under 11 U.S.C. § 548 and the return of the accounting practice to the bankruptcy estate pursuant to 11 U.S.C. §§ 549 and 550. Finally, he sought recovery against Ms. Meredith personally on the theory that MFG's corporate veil should be pierced or, in the alternative, that she was the "entity for whose benefit" the avoidable transfer was made under 11 U.S.C. § 550(a)(1). Shortly after the adversary proceeding began, Mr. Meredith committed suicide.

The bankruptcy court found in favor of the Trustee, holding that MFG and the PLLC were both corporate successors and alter egos of the PC, and that the Trustee was therefore entitled to recover their assets. The bankruptcy court also held that the transfer of the accounting practice from the PC to MFG was fraudulent and therefore avoidable. However, the bankruptcy court denied any recovery against Ms. Meredith personally, holding (1) that she was not liable under a veil-piercing theory, and (2) that because she had received no benefit from the transfer of the accounting practice from the PC to MFG, she was not the "entity for whose benefit such transfer was made" under § 550(a)(1).

The district court affirmed the order of the bankruptcy court in full. The Trustee now appeals, arguing that the bankruptcy court and district court erred by refusing to award him recovery against Ms. Meredith under § 550(a)(1). Specifically, the Trustee argues that as president and sole shareholder of MFG, Ms. Meredith received a valuable benefit when MFG acquired the accounting practice. He argues that the estate has not been made whole by the recovery of the

---

[1] Default judgment was entered against the PLLC, and it is not a party to this appeal.

4                    IN RE: MEREDITH

practice's remaining assets because the value of the assets recovered is far less than the value of the practice itself at the time it was transferred to MFG.²

II

We review the district court's decision by applying the same standard of review that it applied to the decision of the bankruptcy court, reviewing findings of fact for clear error and conclusions of law *de novo*. *In re Kielisch*, 258 F.3d 315, 319 (4th Cir. 2001).

A.

The issue presented in this appeal is whether Ms. Meredith is "the entity for whose benefit" the transfer of the accounting practice from the PC to MFG was made for purposes of § 550(a)(1).³ Section 550(a) provides:

> Except as otherwise provided in this section, to the extent that a transfer is avoided under section 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or if the court so orders, the value of such property, from —
>
> (1) the initial transferee of such transfer or the entity for whose benefit such transfer was made; or
>
> (2) any immediate or mediate transferee of such initial transferee.

---

²The bankruptcy court determined the value of the accounting practice at the time of the transfer to be $138,752.99. The value of the practice was severely diminished by Mr. Meredith's death and when the Trustee liquidated it several weeks later, its assets consisted only of client lists, office furniture, and office supplies.

³Courts have sometimes referred to "the entity for whose benefit such transfer was made" as the "transfer beneficiary." *See, e.g., In re McCook Metals, L.L.C.*, 319 B.R. 570, 590 (Bankr. N.D. Ill. 2005).

In Re: Meredith                                                                   5

The traditional examples of the "entity for whose benefit such transfer was made" are a debtor of the transferee or the guarantor of a debt owed by the bankrupt party to the transferee. *See, e.g., In re Columbia Data Prods., Inc.*, 892 F.2d 26, 29 (4th Cir. 1989). In both cases, the transfer of an asset from the bankrupt party to the transferee extinguishes the liability of "the entity for whose benefit such transfer was made." Thus, we have described that entity as "'someone who receives the benefit but not the money.'" *Id.* (*quoting Bonded Fin. Servs., Inc. v. European Am. Bank*, 838 F.2d 890, 895 (7th Cir. 1988)).[4]

However, nothing in the text of § 550(a)(1) limits "the entity for whose benefit" the transfer was made only to a debtor or guarantor and under some circumstances other persons will receive the benefit of a transfer from the bankrupt to a third party. *See, e.g., Boyer v. Belavilas*, 474 F.3d 375, 377 (7th Cir. 2007) (wife of debtor was "the entity for whose benefit" avoidable transfer was made when she diverted funds from custodial accounts for her children to a corporation she owned and controlled). What is apparent from all of these examples is that a person must actually receive a benefit from the transfer in order to be an "entity for whose benefit" the transfer was made. As the Fifth Circuit has observed, our purpose "is to look through the form of the transaction and determine which entity actually benefitted from the transfer." *In re Compton Corp.*, 831 F.2d 586, 595 (5th Cir. 1987); *see also In re Int'l Mgmt. Assocs.*, 399 F.3d 1288, 1293 (11th Cir. 2005) (holding that sole shareholder of debtor corporations was not "the entity for whose benefit" transfer was made because he received no benefit from the debtors' buy-out of former shareholder); *Rupp v. Markgraf*, 95 F.3d 936, 941 (10th Cir. 1996) (primary shareholder of debtor corporation was "the entity for whose benefit" transfer was made because transfer extinguished his debt to transferee).[5]

---

[4] Indeed, "the entity for whose benefit" the transfer is made is never a holder of the transferred asset itself, because the holder of the asset is the "initial," "immediate," or "mediate" transferee. *See In re Finley, Kumble et al.*, 130 F.3d 52, 57 (2d Cir. 1997) (the "entity for whose benefit" the transfer is made "references entities that benefit as guarantors of the debtor, or otherwise, without ever holding the funds.").

[5] A few courts have held that a person need not receive a benefit in order to be the "entity for whose benefit [the] transfer was made." *See,*

6 | IN RE: MEREDITH
---|---

### B.

Here, the Trustee argues that Ms. Meredith is "the entity for whose benefit" the transfer was made because she received a valuable benefit when the accounting practice was transferred to MFG. He argues that prior to the transfer, Ms. Meredith "was the sole shareholder of a corporate shell" and "[a]s soon as the transfer took place, [she] was the sole shareholder of a viable and profitable accounting practice." Br. of Appellant at 19.

The bankruptcy court rejected this argument, finding as a matter of fact that Ms. Meredith received no benefit from the transfer of the accounting practice from the PC to MFG. The bankruptcy court found that despite MFG's ownership of the accounting practice, Ms. Meredith did not personally control any aspect of the practice or receive anything of value from its operations.[6] Moreover, once Mr. Meredith transferred his accounting practice to the PLLC, Ms. Meredith was again the "sole shareholder of a corporate shell." We cannot conclude that the bankruptcy court's findings are clearly erroneous. The mere fact that Ms. Meredith was, for a brief period of time, the nominal owner of a business effectively controlled by her husband does not demonstrate that she received any benefit from that ownership.

---

*e.g., In re Bullion Reserve of N. Am.*, 922 F.2d 544, 547 (9th Cir. 1991) (citing authority holding that "an entity need not actually benefit, so long as the transfer was *made* for his benefit"). We reject this view. The rule adopted by these courts is inconsistent with the "well-established rule that fraudulent transfer recovery is a form of disgorgement, so that no recovery can be had from parties who participated in a fraudulent transfer but received no benefit from it." *McCook*, 319 B.R. at 591. Moreover, permitting the trustee to recover from a party who received no benefit from the transfer solely on the basis of the transferor's intent "could be seen as a deprivation of property without due process" in violation of the substantive rights protected by the Fifth Amendment. *Id.*; *see also* Larry Chek & Vernon O. Teofan, *The Identity and Liability of the Entity for Whose Benefit a Transfer is Made Under Section 550(a): An Alternative to the Rorschach Test*, 4 J. Bankr. L. & Prac. 145, 156-57 (1995).

[6]Although she received salary payments from MFG, the bankruptcy court concluded that these payments were attributable to her work for related companies owned by her and her husband and that MFG was used as a "clearinghouse" for such payments.

| In Re: Meredith | 7 |
|---|---|

The Trustee also contends that Ms. Meredith is "the entity for whose benefit" the transfer was made because Mr. Meredith effected the transfer from the PC to MFG in part to provide for her support. The bankruptcy court did conclude that providing support for Ms. Meredith was one of Mr. Meredith's goals in making the transfer. However, Mr. Meredith's subjective intent to benefit Ms. Meredith is not *determinative of* the question of whether she is "the entity for whose benefit" the transfer was made under § 550(a)(1). Rather, as we have explained, the *determinative* inquiry is whether Ms. Meredith received a benefit from the transfer. Because the bankruptcy court's finding that she did not is not clearly erroneous, we conclude that Ms. Meredith is not "the entity for whose benefit" the transfer was made.

### III

For the foregoing reasons, we affirm the judgment of the district court.

*AFFIRMED*